■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MEYERO-WITZ, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Harrington, J.), imposed August 17, 1982, upon his conviction of criminal sale of a controlled substance in the fifth degree, on a plea of guilty, the sentence being an indeterminate term of imprisonment of one to three years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a term of 60 days' imprisonment and five years' probation. The sentence of imprisonment shall be a condition of and shall run concurrently with the sentence of probation. As so modified, sentence affirmed and case remitted to the County Court, Nassau County, to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated. Mangano, J. P., Gulotta, Weinstein and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY PRESS, Appellant. — Judgment of the Supreme Court, Westchester County (Reilly, J.), rendered May 28, 1982, affirmed. No opinion. This case is remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Gulotta, Weinstein and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN B. RAYOLA, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered April 6, 1982, convicting him of grand larceny in the second degree, upon a plea of guilty, and sentencing him to a definite prison term of six months. Judgment modified, on the law, by vacating the sentence imposed. As so modified, judgment affirmed and matter remanded to the County Court, Suffolk County, for further proceedings consistent herewith. At the time defendant entered his guilty plea, the court indicated that it would impose a sentence of probation if defendant made restitution. The court failed to fix an amount of restitution. Accordingly, the sentencing court, upon remand, shall impose a sentence of probation and fix the appropriate amount of restitution and a date for its payment. Only if restitution is not made may a prison term be imposed (Penal Law, § 65.10, subd 2, par [g]). We have considered defendant's other contentions and find them to be without merit. Damiani, J. P., Thompson, O'Connor and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN RICH, Appellant. — Judgment of the Supreme Court, Queens County (Linakis, J.), rendered May 7, 1982, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Gibbons, J. P., Weinstein, Bracken and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN WASHING-TON, Also Known as ABDULLAH MOHAMMED, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Edelstein, J.), rendered March 2, 1981, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. We note that the sentence imposed, as correctly set forth in the order of commitment, was an indeterminate term of imprisonment of from three to nine years. Lazer, J. P., Gulotta, Weinstein and Rubin, JJ., concur.